**UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780

June 29, 2020

LETTER TO COUNSEL

RE:   *Clayton H. v. Saul*
      Civil No. SAG-19-1855

Dear Counsel:

On June 24, 2019, Plaintiff Clayton H. petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny his claim for Disability Insurance Benefits. ECF No. 1. I have considered the parties' cross-motions for summary judgment and Plaintiff's reply. ECF Nos. 12, 20, 21. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the Commissioner's decision in part, and remand the case to the Commissioner for further consideration. This letter explains my rationale.

Plaintiff filed his claim for benefits on October 8, 2015, alleging a disability onset date of June 26, 2015. Tr. 133-34. A hearing was held on July 9, 2018, before an Administrative Law Judge ("ALJ"). Tr. 30-51. Following the hearing, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 15-24. The Appeals Council denied Plaintiff's request for review, Tr. 1-8, so the ALJ's decision constitutes the final, reviewable decision of the SSA.

The ALJ found that Plaintiff suffered from the severe impairments of "obesity, obstructive sleep apnea, hypertension, hypothyroidism, diabetes mellitus, attention deficit hyperactive disorder (ADHD), and depression." Tr. 17. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) except the claimant can only occasionally perform postural activities and cannot have exposure to environmental extremes, including dusts, fumes, odors or gases. The claimant cannot climb or have exposure to heights and hazards. The claimant can perform simple, routine, repetitive tasks at a routine pace throughout the course of an eight-hour workday.

Tr. 20.  After considering the testimony of a vocational expert ("VE"), the ALJ determined that Plaintiff could not perform his past relevant work as a grocery clerk, but could perform other jobs

*Clayton H. v. Saul*
Civil No. 19-1855-SAG
June 29, 2020
Page 2

existing in significant numbers in the national economy. Tr. 23-24. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 24.

Plaintiff raises two primary arguments on appeal: (1) that the RFC's limitation to "simple, routine, repetitive tasks" precludes the jobs proffered by the VE; and (2) that the ALJ presiding over his claim was not constitutionally appointed at the time of his hearing. ECF No. 12-1 at 3-12. Although Plaintiff's first argument is not meritorious, remand is warranted on the Appointments Clause challenge. In remanding for further explanation, I express no opinion as to whether the ALJ's ultimate conclusion that Plaintiff is not entitled to benefits is correct.

First, Plaintiff's assertion that there is an apparent conflict between the ability to perform "simple, routine, repetitive tasks" and Reasoning Level 2, *id.* at 3-7, is erroneous. Plaintiff is correct that an ALJ is required to address any conflicts or apparent conflicts between the VE's testimony and the information contained in the Dictionary of Occupational Titles ("DOT"). *See Pearson v. Colvin*, 810 F.3d 204, 208-10 (4th Cir. 2015); SSR 00-4p, 2000 WL 1898704, at *2 (S.S.A Dec. 4, 2000) ("At the hearings level, as part of the adjudicator's duty to fully develop the record, the adjudicator will inquire, on the record, as to whether or not there is such consistency."). Here, the VE identified three jobs in response to the ALJ's hypothetical: cashier (DOT code 211.462-010), photocopy machine operator (DOT 207.685-014), and price marker (DOT 209.587-034). Tr. 24, 48. The ALJ asked whether the VE's testimony was consistent with the DOT and the VE affirmed. Tr. 49 (VE clarified that her statements regarding "time off task and the issue of competitive versus non-competitive work" were based on her professional experience because the DOT does not address those factors). According to the DOT, the jobs of photocopy machine operator and price marker require a Reasoning Level 2, U.S. Dep't of Labor, *Dictionary of Occupational Titles* §§ 207.685-014, 209.587-034 (4th ed. 1991), and the job of cashier requires a Reasoning Level 3, *id.* § 211.462-010. A Reasoning Level 2 requires the ability to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions" and "[d]eal with problems involving a few concrete variables in or from standardized situations." *Id.* App'x C, 1991 WL 688702. A Reasoning Level 3 requires the ability to "[a]pply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form" and "[d]eal with problems involving several concrete variables in or from standardized situations." *Id.*

There are two recent Fourth Circuit cases that discuss this issue. In *Thomas*, 916 F.3d at 313-14, the Fourth Circuit found that an apparent conflict exists between a limitation to "short, simple instructions" and a Reasoning Level of 2. In a more recent opinion, *Lawrence v. Saul*, 941 F.3d 140, 143 (4th Cir. 2019), the Court held that there is not an apparent conflict between "simple, routine repetitive tasks of unskilled work" and a Reasoning Level 2. In *Lawrence*, the Fourth Circuit explained that the RFC in *Thomas* included a limitation to "short" instructions, and "'[s]hort' is inconsistent with 'detailed.'" *Id.* (quoting *Pearson v. Colvin*, 810 F.3d 204, 209 (4th Cir. 2015)) ("To assess whether an apparent conflict exists, [the court] compare[s] the DOT's 'express language' with the [VE]'s testimony."). The Court clarified that the limitation to "simple" tasks [was] not inconsistent with the ability to apply and understand "detailed but uninvolved . . . instructions." *Id.*

As *Lawrence* makes clear, there was not an apparent conflict between Plaintiff's limitation to "simple, routine, repetitive tasks" and the Reasoning Level 2 jobs identified by the VE. Arguably, the ALJ should have made further inquiries of the VE to determine whether a conflict existed between Plaintiff's RFC and a job requiring a Reasoning Level 3. However, two of the representative occupations require only a Reasoning Level 2, and a claimant is not disabled if he is able to engage in "work which exists in significant numbers either in the region where [the claimant] lives or in several regions of the country." 42 U.S.C. § 423(d)(2)(A). Thus, even if the ALJ failed to resolve an apparent conflict regarding the third occupation, that error was harmless, because the identified occupations of photocopy machine operator (with 25,000 jobs nationally) and price marker (with 68,000 jobs nationally), Tr. 24, 48, exist in significant numbers. *See Lawler v. Astrue*, Civil Action No. BPG-09-1614, 2011 WL 1485280, at *5 (D. Md. Apr. 19, 2011) (finding that where only 75-100 jobs existed in the region where plaintiff lived did "not undermine the ALJ's conclusion that plaintiff [was] capable of performing work that exists in significant numbers in the national economy") (citing *Hicks v. Califano*, 600 F.2d 1048, 1051 n.2 (4th Cir. 1979) (declining to determine that 110 regional jobs would be an insignificant number)).

Second, Plaintiff argues that "[t]he ALJ who conducted the hearing in this case was not properly appointed under the Constitution's Appointments Clause at the time of the hearing and thus did not have legal authority to preside over this matter." ECF No. 12-1 at 7 (citing *Lucia v. S.E.C.*, 138 S. Ct. 2044 (2018)). Although the Fourth Circuit has not directly addressed Appointments Clause challenges in the context of Social Security appeals, most district courts within the Fourth Circuit agree that a plaintiff forfeits his right to raise the issue on judicial appeal if he fails to raise it at the administrative level. *See, e.g.*, *Maribel R.*, Civil No. TJS-18-3965, 2020 WL 103529, at *4 (D. Md. Jan. 8, 2020) (holding that the plaintiff forfeited her Appointment Clause challenge because she failed to raise it before the ALJ and the Appeals Council); *Kelly D.*, Civil No. 3:19CV201 (DJN), 2019 WL 7817077, at *8 n.7 (E.D. Va. November 27, 2019) (collecting cases).

In his brief, Plaintiff infers that he did not raise an Appointments Clause challenge at the administrative level. *See, e.g.*, ECF No. 12-1 at 8 (asserting that the "SSA will likely argue that the claimant forfeited any Appointments Clause challenge by failing to raise it before the Agency"), *id.* at 10-11 (arguing that Supreme Court case law supports the proposition that "a Social Security claimant is not barred from raising a constitutional claim for the first time on appeal to a federal court"). Plaintiff insists that "[t]here are several problems with any potential issue exhaustion defense by SSA," *id.* at 8, but does not state, or even suggest, that one of those "problems" is that he had raised the issue at the administrative level.

The Commissioner responded with a comprehensive and robustly-cited brief asserting that Plaintiff forfeited his right to challenge the constitutionality of the ALJ's appointment because "at no point in the administrative process – whether in his initial application for benefits, on reconsideration, in his hearing before the ALJ, or before the Appeals Council – did Plaintiff ever present the argument that SSA's ALJs are inferior officers under the Appointments Clause." ECF No. 20-1 at 7. Only then did Plaintiff file a response revealing that his attorney at the administrative level had raised a *Lucia* argument in a letter to the Appeals Council submitted with his request for review. ECF No. 21 at 4 (citing Tr. 131). The Court does not condone the untimely

*Clayton H. v. Saul*
Civil No. 19-1855-SAG
June 29, 2020
Page 4

manner in which this evidence was revealed. It is likely, given the substance of the Commissioner's brief, that the SSA might have consented to a remand, had Plaintiff been upfront in his opening brief. Plaintiff's attorney's tactics, whether on purpose or by mistake, have resulted in wasted time – for himself, his client, the SSA, and the Court.

Given the fact that Plaintiff raised the challenge to the Appeals Council, the Commissioner's sole defense, which relies on Plaintiff's failure to raise the challenge at the administrative level, is unpersuasive. The Court therefore remands the case for further proceedings at the administrative level.

For the reasons set forth herein, Plaintiff's Motion for Summary Judgment, ECF No. 12, is DENIED, Defendant's Motion for Summary Judgment, ECF No. 20, is DENIED, and the case is REMANDED to the SSA for consideration by a validly appointed ALJ.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States District Judge